# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM WOODS,
JANET GRAY-WOODS,

        Plaintiffs-Appellees,

v

GENESEE COUNTY DRAIN COMMISSION,

        Defendant-Appellant.

UNPUBLISHED
January 9, 2018

No. 334733
Genesee Circuit Court
LC No. 14-103684-CE

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent because the trial court correctly determined that there is a question of fact whether the drainage system operated and maintained by defendant was defective.

The drain system installed for this area included the creation of a detention pond, the purpose of which is to gather rainwater and other surface water and release it at a slow rate over time. In situations of heavy rain, the pond does not drain quickly enough and it overflows. The alleged defect is that the system to handle that expected overflow is defective. The overflow is supposed to be handled by a storm sewer located down flow from the pond. However, the storm sewer was not large enough to properly handle an overflow, and so the overflow, instead, ran overland and downhill. Plaintiffs' property was in its path and was flooded, causing substantial damage to plaintiffs' home. Plaintiffs presented expert testimony reviewing the nature of this defect and the manner in which the system should have been constructed, namely the inclusion of a culvert to carry that excess water under the road and into the lake, rather than allowing it to travel overland. As the trial court observed, "Plaintiffs' . . . engineering expert says that the detention pond lacked a defined overflow channel." Thus, this is not simply a case, as defendant suggests, of too much rain for the detention pond. Rather, the gravamen of the case is that the defendant failed to have in place a system adequate to handle expected overflows from the pond and as a result, plaintiffs and their insurer have been left to pay the price of defendant's design error. The defense argues in response that the design was reasonable and that it is unreasonable to require that it be able to address a rainfall of this size. Plainly, there is a question of fact whether the design was defective. That question should go to the trier of fact.

My colleagues also conclude that defendant did not have reason to know of the defect. I disagree. The nature of the design and its capacity was fully known to defendant. The fact that

-1-

defendant assumed that this was adequate despite its limitations does not mean it did not have reason to know of the defect. This is not a maintenance case, where defendant may not have known of an obstruction that developed since its last inspection. Rather, defendant knew exactly what this drain system could and could not handle. If the fact finder concludes that there was no defect, then whether defendant "knew . . . about the defect" is a moot point. However, if the factfinder concludes there was a defect, then there is no basis to claim that defendant was unaware of it. Indeed, plaintiff William testified that his garage and porch had previously flooded on at least three occasions during heavy rains and that he had notified the defendant only to receive a response he described as "little to none."

I would affirm and remand for trial.


/s/ Douglas B. Shapiro